**E-filed 5/25/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LASHMETT, </br>     Petitioner, </br>   vs. </br> A.P. KANE, Warden, </br>     Respondent. | No. C 05-2537 JF (PR) </br></br> ORDER DENYING PETITION </br> FOR WRIT OF HABEAS </br> CORPUS |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the decision of the Board of Prison Terms' ("Board") denying him parole. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and will deny the petition.

**BACKGROUND**

Following his conviction for second degree murder in 1985, Petitioner was sentenced to a term of sixteen years-to-life in state prison. On the date of the commitment offense, Petitioner and his co-defendant lured the victim to an isolated area and proceeded to stab him twenty-two

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

1  times. The victim died from his injuries three days later. The premise for the murder was that
2  Petitioner's co-defendant harbored animosity towards the victim, based on a belief that the
3  victim was a police informant and because the victim had not repaid a loan used to bail the
4  victim out of jail. Prior to his death, the victim identified Petitioner and his co-defendant as his
5  assailants. After stabbing the victim, Petitioner did not call an ambulance or seek other
6  assistance for the victim. Instead, Petitioner ran back to the truck in which he arrived and drove
7  away. See Resp. Ex. 5 (Transcript of Feb. 4, 2005 parole suitability hearing) at 6; Resp. Ex. 6
8  (Petitioner's Nov. 2002 Life Prisoner Evaluation Report) at 1.
9        Following a parole suitability hearing on February 5, 2004, the Board denied Petitioner
10 parole. Petitioner filed a state habeas petition in the Los Angeles Superior Court which was
11 denied on December 10, 2004. Petitioner filed a habeas petition in the California Court of
12 Appeal which was summarily denied on January 19, 2005. Petitioner then filed a habeas petition
13 in the California Supreme Court which was summarily denied on April 20, 2005. Petitioner filed
14 the instant federal habeas petition on June 22, 2005.

## DISCUSSION

### A. Standard of Review

17       This Court will entertain a petition for writ of habeas corpus "in behalf of a person in
18 custody pursuant to the judgment of a State court only on the ground that he is in custody in
19 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
20       The petition may not be granted with respect to any claim that was adjudicated on the
21 merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision
22 that was contrary to, or involved an unreasonable application of, clearly established federal law,
23 as determined by the Supreme Court of the United States; or (2) resulted in a decision that was
24 based on an unreasonable determination of the facts in light of the evidence presented in the
25 State court proceeding." 28 U.S.C. § 2254(d).
26       "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state
27 court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of
28

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28. U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28. U.S.C. § 2254(e)(1).

**B.     Subject Matter Jurisdiction**

Respondent argues that this Court does not have subject matter jurisdiction over the instant petition because California inmates have no federally-protected due process right to parole release. Respondent contends that In re Dannenberg, 34 Cal. 4th 1061 (2005), and Sandin v. Connor, 515 U.S. 472 (1995), establish that California prisoners have no liberty interest in

1 parole.

2 Although a convicted person has no inherent or constitutional right to early release on
3 parole, a state's statutory parole scheme may create "a presumption that parole release will be
4 granted" if it uses mandatory language. Greenholtz v. Inmates of Nebraska Penal & Corr.
5 Complex, 442 U.S. 1, 12 (1979). A presumption of parole release gives rise to a constitutionally
6 protected liberty interest that cannot be denied without adequate due process protection. Id. at
7 11-16; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987).

8 In Allen, the United States Supreme Court held that Montana's statutory parole scheme,
9 which instructed that the parole board "shall" release a prisoner on parole absent certain
10 conditions, used mandatory language that created a constitutionally protected right to parole that
11 would be granted if those conditions were found not to exist. Allen, 482 U.S. at 376-78.
12 Similarly, in Greenholtz, the Supreme Court held that Nebraska's parole statute, which
13 instructed that the parole board "shall" release the prisoner on parole absent certain conditions,
14 created a liberty interest in release on parole if those conditions were found not to exist.
15 Greenholtz, 442 U.S. at 11-12.

16 California's parole scheme is set forth in California Penal Code § 3041. Section 3041(b)
17 states that the parole board "shall set a release date unless it determines that the gravity of the
18 current convicted offense or offenses, or the timing and gravity of current or past convicted
19 offense or offenses, is such that consideration of the public safety requires a more lengthy period
20 of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this
21 meeting." Cal. Pen. Code § 3041(b).

22 The Ninth Circuit has held that the California parole scheme "gives rise to a cognizable
23 liberty interest in release on parole" under the Allen and Greenholtz standards because it
24 "'creates a presumption that parole release will be granted' unless the statutorily defined
25 determinations [set forth in § 3041(b)] are made." McQuillion v. Duncan, 306 F.3d 895, 902
26 (9th Cir. 2002) (quoting Greenholtz, 442 U.S. at 12). Thus, under Ninth Circuit authority, the
27 mandatory language of California's parole scheme creates a federally protected liberty interest
28

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

4

1  such that an inmate has a right to release absent the determinations set forth in § 3041(b).

2  Respondent contends that notwithstanding <u>McQuillion</u>, <u>In re Dannenberg</u>, 34 Cal. 4th
3  1061 (2005), establishes that California life-term inmates have no federally-protected liberty
4  interest in parole. However, the Ninth Circuit recently rejected this reading of <u>Dannenberg</u>. It
5  held squarely that "California inmates continue to have a liberty interest in parole after <u>In re</u>
6  <u>Dannenberg</u>." <u>Sass v. California Bd. of Prison Terms</u>, 461 F.3d 1123, 1125 (9th Cir. 2006). The
7  <u>Sass</u> court observed that <u>Dannenberg</u> "addressed the narrow question whether the Board must
8  engage in a comparative proportionality analysis in setting parole dates pursuant to section
9  3041(a) before determining whether an inmate is suitable for parole pursuant to section
10 3041(b)." <u>Id.</u> at 1127-28. It did not "explicitly or implicitly hold that there is no constitutionally
11 protected liberty interest in parole." <u>Id.</u> at 1128. In fact, <u>Dannenberg</u> used language that
12 indicated it assumed the existence of a liberty interest: "the Board has always enjoyed broad
13 parole discretion with deferential judicial oversight. But these well-established principles do not
14 deny due process. On the contrary, they define and limit the expectancy in parole from a life
15 sentence to which due process interests attach." <u>Dannenberg</u>, 34 Cal. 4th at 1095 n.16; <u>see also</u>
16 <u>id.</u> at 1094 ("sole reliance on the commitment offense might . . . contravene the inmate's
17 constitutionally protected expectation of parole.").

18 Respondent also relies upon language in <u>Sandin v. Connor</u>, 515 U.S. 472 (1995), which
19 held that state-created liberty interests protected by the Due Process Clause are "generally
20 limited to freedom from restraint" which "imposes atypical and significant hardship on the
21 inmate in relation to the ordinary incidents of prison life." <u>Id.</u> at 484. Respondent argues that
22 because a petitioner can expect to be imprisoned for life, denial of parole is not an "atypical" or
23 "significant hardship," therefore § 3041 does not give rise to a state-created liberty interest. This
24 argument has been rejected by the Ninth Circuit in both <u>McQuillion</u>, 306 F.3d at 903, and <u>Biggs</u>
25 <u>v. Terhune</u>, 334 F.3d 910, 914 (9th Cir. 2003), both of which are controlling here.[1]

26

27  [1] In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Supreme Court criticized the mandatory language methodology described above and offered a new test; however, the <u>Sandin</u> test relates to
28  claims dealing with the day-to-day management of prisons and does not apply to parole eligibility

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

1    Because controlling Ninth Circuit authority holds that Petitioner has a federally-protected liberty interest in release on parole, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2254 over the instant petition.  Accordingly, the Court will address the merits of the petition as set forth below.

**C.    Petitioner's Claims**

   1.    <u>The Board Did Not Abuse its Discretion in Denying Parole to Petitioner</u>

Petitioner claims that his right to due process was violated by the Board's decision denying him parole.  In 1987, Petitioner was sentenced to sixteen years-to-life, with the earliest possible parole date of June 23, 1996.  The instant case involves Petitioner's fourth parole suitability hearing.  Petitioner contends that the Board presented no factual evidence to support its decision denying him parole and that the Board failed to consider evidence supporting his parole release.  Petitioner maintains that the Board's continued denial of parole impermissibly was based solely on the circumstances of the underlying offense and thus violated his right to due process.

A parole board's decision must be supported by "some evidence" in order to satisfy the requirements of due process.  <u>McQuillion</u>, 306 F.3d at 904 (adopting "some evidence" standard for disciplinary hearings outlined in <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985)); <u>Morales v. California Dep't of Corrections</u>, 16 F.3d 1001, 1005 (9th Cir. 1994) (same), <u>rev'd on other grounds</u>, 514 U.S. 499 (1995); <u>Jancsek v. Oregon Bd of Parole</u>, 833 F.2d 1389, 1390 (9th Cir. 1987) (same).  Accordingly, if the Board's determination of parole suitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision.  <u>Rosas v. Nielsen</u>, 428 F.3d 1229, 1232 (9th Cir. 2005); <u>McQuillion</u>, 306 F.3d at 904.

California law allows the Board to consider many factors when determining parole eligibility.  <u>Biggs</u>, 334 F.3d at 915.  "Parole may be denied if the Board 'determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more

---

determinations.  See <u>McQuillion</u>, 306 F.3d at 902-03.

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

lengthy period of incarceration for [the] individual.'" Id. (quoting Cal. Penal Code § 3041(b)). The Board may also "consider all relevant information including potential threats to public safety, whether the offense was carried out in a manner which demonstrates exceptionally callous disregard for human life, and whether the [petitioner] engaged in misconduct while in jail." Id. (citing Determination of Suitability, Title 15 Cal. Code of Regs. § 2402(c)(6)). California's parole scheme provides, in pertinent part, that,

> [t]he panel or board shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting.

Cal. Penal Code § 3041(b). Further, California Code of Regulations, title 15, section 2281 sets forth guidelines and criteria for the Board to consider when determining whether a life prisoner is suitable for release. One of the circumstances tending to indicate unsuitability for parole is that the prisoner "committed the offense in an especially heinous, atrocious or cruel manner." Cal. Code Regs., tit. 15, § 2281(c)(1). The scheme creates a presumption that parole release will be granted unless the statutorily-defined determinations are made. McQuillion, 306 F.3d at 902.

After a full hearing, the Board concluded that Petitioner posed "an unreasonable risk of danger to society or a threat to public safety if released from prison." Resp. Ex. 5 at 65. The Board found Petitioner unsuitable for parole because the commitment offense was "carried out in an especially violent and brutal manner. The victim was stabbed 22 times with knives." Id. The Board observed that "[t]he offense was carried out in a manner which demonstrates a disregard for human life . . . wherein [petitioner] and two crime partners lured the victim to an isolated area. Once at the location, the three stabbed the victim 22 times, resulting in his ultimate death. One of the crime partners, Jamison, harbored anger and animosity towards the victim for two reasons. One was he thought he was a police informant. The other was that Jamison had bailed out the victim and he had not repaid the debt." Id. at 65-66. The Board found that Petitioner has "failed to profit from society's previous attempts to correct his criminality . . . including adult probation. [Petitioner] has an unstable social history and prior criminality, which include arrests

1 for assault and battery of a police officer." Id. at 66. Based on its review of the record and the
2 statement of facts, the Board concluded that Petitioner needed to continue to participate in self-
3 help programs in order to "face, discuss, understand and cope with stress in a non-destructive
4 manner. . . Petitioner continues to be unpredictable and a threat to others." Id. While the Board
5 recognized that Petitioner had made some gains over an extended period of time, including no
6 prison disciplinary reports since March 1999, and had participated in self-help groups including
7 Narcotics Anonymous and Alcoholics Anonymous, the Board concluded it needed more time to
8 evaluate Petitioner's progress. Id.

9      In its order denying habeas relief, the superior court determined that "the record reflects
10 that the Board acknowledged Petitioner's institutional gains.  Nonetheless, the Board found the
11 positive aspects did not outweigh the factors for unsuitability and that Petitioner would pose an
12 unreasonable risk of danger to society or a threat to public safety if released from prison." Resp.
13 Ex. 2 (In Re Jeffrey Lashmett, Los Angeles Superior Court Order re: Writ of Habeas Corpus,
14 Case No. BH002887, (December 10, 2004)), at 2-3.  Thus, the superior court concluded that the
15 Board did not abuse its discretion and that there was "some evidence" in support of the Board's
16 finding that Petitioner is unsuitable for parole. Resp. Ex. 2 at 1, 3 (citing to In re Rosenkrantz,
17 29 Cal.4th 616, 667 (2002); Cal. Code Regs., tit. 15, § 2402).  Furthermore, the record at
18 Petitioner's hearing reflects that the commitment offense was found to be especially violent and
19 brutal, demonstrating a disregard for human life.  Resp. Ex. 2 at 1.; Cal. Code Regs. tit 15, §
20 2402(c)(1).

21     Here, the Board's decision denying Petitioner parole was based upon its review of
22 Petitioner's unstable social history, his prior criminal history, the nature and circumstances of the
23 commitment offense, his prison disciplinary record and history of attending self-help programs.
24 See Resp. Ex. 5 at 65-68.  The Board properly considered the nature of the offense in its decision
25 to deny petitioner parole.  See Rosenkrantz, 29 Cal. 4th at 682-83 ("the [Board] properly may
26 weigh heavily the degree of violence used and the amount of viciousness shown by a
27 defendant").  Accordingly, the Board's findings are supported by "some evidence," and
28

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

1  petitioner's contention that the parole denial was based solely on the circumstances of the
2  offense is without merit.
3        The Court concludes that the state court's determination was not contrary to, or an
4  unreasonable application of, clearly established Supreme Court precedent, nor was it based on an
5  unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. §
6  2254(d)(1), (2).
7        2.      <u>Petitioner's Right to Due Process Was Not Violated</u>
8        The Supreme Court has held that due process is satisfied if: (1) the state affords an
9  inmate an opportunity to be heard in connection with the decision whether to release him to
10 parole; and (2) when parole is denied, it informs the inmate in what respects he falls short of
11 qualifying for parole.  <u>Greenholtz</u>, 442 U.S. at 16.  The full panoply of rights due a defendant in
12 a criminal proceeding are not constitutionally mandated in a parole proceeding because the
13 setting of a parole term is not part of a criminal prosecution.  <u>Pedro v. Oregon Parole Bd.</u>, 825
14 F.2d 1396, 1399 (9th Cir. 1987).  Additionally, the evidence underlying the Board's decision
15 must have some indicia of reliability.  <u>McQuillion</u>, 306 F.3d at 904; <u>Jancsek</u>, 833 F.2d at 1390.
16 A relevant factor in this latter inquiry is whether the prisoner was afforded an opportunity to
17 appear before, and present evidence to, the board.  <u>See</u> <u>Pedro</u>, <u>supra</u>, at 1399.
18       Here, the Board held a full hearing in September 2004 at which both Petitioner and his
19 counsel were afforded the opportunity to participate in the Board's consideration and discussion
20 of the circumstances relevant to Petitioner's suitability for parole and present evidence favorable
21 to his position.  <u>See generally</u> Resp. Ex. 5.  When questioned by the Board at his parole hearing,
22 Petitioner admitted to committing the crimes in question.  Resp. Ex. 5 at 7.  At the hearing, the
23 Board concluded that Petitioner "is not yet suitable for parole and would pose an unreasonable
24 risk of danger to society or a threat to public safety if released from prison."  <u>Id.</u> at 65.
25 Additionally, the Board provided Petitioner with its reasons for the denial of parole and provided
26 him with a copy of the written decision.  <u>Id.</u> at 65-68.  Thus, the Board afforded Petitioner the
27 full panoply of rights due in his parole proceeding.
28

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

1    The superior court concluded "there is no due process violation where the circumstance
2  of the offense are more than the minimum necessary to sustain a conviction for that offense."
3  Here there is "some evidence" that the petitioner is unsuitable for parole based on the
4  "viciousness of the commitment offense," as well as facts of the crime which more than meet the
5  minimum requried for conviction of second-degree murder."  Resp. Ex. 2 at 2.
6    Based upon its review of the underlying record, the Court concludes that the state court's
7  determination was not contrary to, or an unreasonable application of, clearly established
8  Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light
9  of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

10
11    3.    The Board's Failure to Set a Parole Date Did Not Violate Petitioner's Right to Due Process

12    Petitioner also contends that he was denied his right to due process under the Fifth and
13  Fourteenth Amendments because the Board's decision to deny parole violates Cal. Penal Code §
14  3041.  Petitioner maintains that the Board has adopted a no parole policy, or alternatively has
15  carried out a policy of systemic bias by its granting parole dates to only a small number of
16  inmates.
17    The Board is not required to set a release date if "it determines that the gravity of the
18  current convicted offense . . . is such that public safety requires a more lengthy . . . incarceration,
19  and that a parole date, therefore, cannot be fixed at [the parole hearing]."
20  Cal. Penal Code § 3041(b).  In its order denying habeas relief, the superior court rejected
21  Petitioner's argument that the Board did not properly consider its mandate pursuant to Penal
22  Code § 3041.  The superior court noted the Board's conclusion that Petitioner "would pose an
23  unreasonable risk of danger to society or a threat to public safety if released from prison."  Resp.
24  Ex. 2 at 2-3.  Although the Board recognized that Petitioner had made recent gains, it required
25  that Petitioner be able to "demonstrate an ability to maintain his gains over an extended period of
26  time."  Resp. Ex. 6 at 67.
27    As the United States Supreme Court has stated, "[t]here is no constitutional or inherent
28

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

10

right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz</u>, 442 U.S. at 7.  If Petitioner is never found suitable for parole, he will serve the maximum term of his sentence – life.  Accordingly, the superior court's determination of section 3041 is neither contrary to, nor an unreasonable application of clearly established Supreme Court law, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing.  Accordingly, the petition for writ of habeas corpus is DENIED.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: __5/25/07_____

_____
JEREMY FOGEL
United States District Judge

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den

1  A copy of this ruling was mailed to the following:

2

3  Jeffrey Lashmett
   D-51374
4  Correctional Training Facility
   P.O. Box 689
5  Soledad, CA  93960-0689

6
   Patricia Webber Heim
7  CA State Attorney General's Office
   455 Golden Gate Avenue
8  Suite 11000
   San Francisco, CA  94102-7004
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Lashmett537den